JOHN WANDLING *v.* J. W. KENNEDY, BY &c.

**Infants—Right to Vavate or Modify Judgments.**

Under the provisions of subsection 8, section 579, Civil Code, an infant defendant has the same right before, as after attaining his majority, to prosecute an action to vacate or modify any erroneous judgment that may have been rendered against him.

**Infants—Appointment of Guardian Ad Litem—Service.**

The appointment of a guardian ad litem on the day a warning order is issued against an infant, under Civil Code, section 56, is erroneous. The appointment can only be made, after service of process, actual or constructive.

**Same—Vendor and Purchaser—Void Sale.**

A purchaser of property at a void judicial sale of an infants property, will not be prejudicial by a vacation of said sale, the purchase money having been secured only by a lien on the property.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 21, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Under the provisions of sub-division 8, section 579, Civil Code, an infant defendant has the same right before as after attaining his majority to prosecute an action to vacate or modify any erroneous judgment that may have been rendered against him. Newland v. Gentry, 18 B. Monroe, 670. It appears from the record of the suit of Moorman and others v. Kentucky and others, that the guardian *ad litem* was appointed for the infant defendant James Kennedy on the 23d of April, 1860, the same day upon which the warning order was taken out against him. Section 56 Civil Code provides that a guardian *ad litem* can not be appointed until after service of summons, either actual or constructive. It further appears that no suitable person was appointed by the court to take care of the interest of said infant, either before or at the time the house and lot in Owensboro was adjudged to be sold.

These errors were, in our opinion, sufficient to authorize the court to vacate the judgment in said action, in so far as it affected the interests of said infant, and as the purchase money due him under the sale has not been paid; but still retains a lien upon the house and lot, the defendants Wandling are in no wise injured, by its vacation. Their title, obtained from the Moormans and Johnson, all that they have paid for remains undisturbed, and this judgment of course releases them from the payment of any amount to Kennedy.

Judgment affirmed.

*Sweeney & Stuart*, for appellant.

*Ray & Hardin*, for appellees.